ISABEL S. YASNER, PLAINTIFF, v. COMMERCIAL MORT-
GAGE COMPANY, A NEW JERSEY CORPORATION, DE-
FENDANT.

Essex County District Court
Decided September 14, 1972.

*Mr. Laurence Semel,* for plaintiff.

*Mr. Melville J. Berlow,* for defendant.

WALSH, J. D. C. Plaintiff seeks a recovery in the amount of $1,750 from defendant mortgage company on a claim that "points" paid by the seller of property amount to nothing more than a usurious exaction by defendant in violation of the statute.

The parties have stipulated to the following state of facts: On December 16, 1969 defendant issued a commitment to Mrs. Amy Moses to grant a mortgage loan on premises at 519 Avon Avenue, Irvington, New Jersey, in the sum of $17,500. The commitment was for the making of a mortgage loan eligible for insurance by the Federal Housing Administrator. The commitment contained a provision to the effect that it was subject to plaintiff's (seller) agreement to pay a placement fee in the sum of $1,750 to defendant.

On February 4, 1970 the $17,500 mortgage was granted to the said Mrs. Moses, and plaintiff paid defendant the $1,750 placement fee no part of which was charged directly or indirectly to Mrs. Moses. The loan was insured by the Federal Housing Administrator.

Plaintiff owned the premises in question and had entered into a contract of sale for the property with Mrs. Moses. Thereafter, as per the stipulation, the mortgage commitment issued from the defendant company to Mrs. Moses, clause 8, providing that

This commitment is subject to Sellers acceptance of a placement fee in the sum of $1750.00 to be paid by them to us at closing.

It is about this clause, and the payment thereunder, that plaintiff complains. She claims that the payment made and the amount collected by defendant was beyond the original 7½% agreed to by the borrower, and the payment made by plaintiff and received by defendant is usurious in violation of *N. J. S. A.* 31:1–1, as amended, which reads in pertinent part:

(a) Except as otherwise provided by law, no person shall * * * take, directly or indirectly, for loan of any money, * * * above the value of six dollars ($6.00) for the forbearance of one hundred dollars ($100.00) for a year * * *.

. In other sections of the statute there is an allowable 8% interest permitted by the Commissioner of Banking and the Advisory Board.

A prohibition against usurious exactions did not exist at common law. The existing statutory prohibition by its very nature exists solely within the framework of the statutory provision regarding it. See *In re Greenberg,* 21 *N. J.* 213 (1956).

 Defendant answers that there is no loan from it to plaintiff and therefore there is no exaction of usurious interest from her. This theory presupposes that any monies the lender receives by way of return must of necessity come from the borrower himself. This court flatly rejects that construction; it matters not from whence the lender accepts his return.

There is a paucity of law on the question as presented, and a diligent search by both counsel and the court has unearthed little by the way of prior judicial enlightenment.

 However, it is abundantly clear that the statutory interpretation of *N. J. S. A.* 31:1–1 allows of no other conclusion than that the prohibition contained therein is directed solely against the leader and the amount of money

that he receives in return for his loan. There is no require-
ment contained therein that the payment of money, in
order to constitute a usurious payment, must be made by
the borrower. Nor are there any cases cited by counsel that
would indicate that this is the construction to be placed
upon the statute. In fact, the courts of New Jersey have
held that an individual may recover usurious payments on
loans made in a manner disguised to hide the fact that the
lender had, in effect, exacted an illegal rate of interest, See
*Gelber v. Kugel's Tavern, Inc.,* 10 *N. J.* 191 (1952), and
*In re Greenberg, supra.* This court finds as a fact that the
loan agreement which compelled the payment of $1,750 by
a third party was in effect no more than a usurious exac-
tion on the part of the lender in order to permit it to
circumvent the prohibition against such a transaction con-
tained in *N. J. S. A.* 31:1-1.

The second defense raised by defendant is that, conced-
ing the transaction to be usurious, the statutes of New Jer-
sey deny recovery. *N. J. S. A.* 17:2-5 reads in part as
follows:

\* \* \* mortgage companies \* \* \* organized under any \* \* \* law
of this state which are approved by the federal housing administrator
as eligible for credit insurance, are authorized to make loans and
advances of credit and purchase obligations representing loans and
advances of credit as are eligible for insurance by the federal hous-
ing administrator and to obtain such insurance.

*N. J. S. A.* 17:2-7 provides in part as follows:

No law of this state prescribing or limiting interest rates \* \* \*
shall be deemed to apply to \* \* \* obligations representing loans and
advances of credit made \* \* \* pursuant to section 17:2-5 of this
title.

■ It has long been the law of this State that statutory
language should be given its ordinary meaning in the ab-
scence of a specific intent to the contrary. See *Abbotts Dairies,
Inc. v. Armstrong,* 14 *N. J.* 319, 1954. This court con-

cludes that the statute means just what it says and has the same effect and limitation on *N. J. S. A.* 31:1–1 as *N. J. S. A.* 31:1–6 has on the chapter itself.

In the case of *Lord v. Marine Midland Trust Co.,* 61 *Misc.* 2d 776, 306 *N. Y. S.* 2d 82 (1969), the Supreme Court of New York held as follows:

In the course of processing the prospective Purchasers' application for an F.H.A. Mortgage the defendant Bank advised the applicants and the broker advised the Seller that at that time six points, or a discount of 6% of the mortgage principal, would have to be assessed by the Bank if it were to make this mortgage loan. The contract parties were advised that only one point could be imposed upon the Purchasers and the remaining five points necessarily had to be paid by the Seller if the transaction were to be completed (See, F.H.A. Administrative Rules for Section 203, Ch. XIII, §§ 1301, 1302, 1303; F.H.A. Mortgagee Handbook.)

\*　　\*　　\*　　\*　　\*　　\*　　\*

(1) The issue presented by plaintiff's third cause of action is whether the point charge here nevertheless is violative of New York's usury statutes. The answer is no since the State's usury statutes expressly do not apply to F.H.A. mortgage and realty transactions.

In order to implement and complement the purposes and operation of the National Housing Act, many states, including New York, have passed legislation exempting transactions under the Housing Act from state laws governing banking and interest rates. In New York, section 5–501(5), General Obligations Law, specifically states,

"5. No law regulating the maximum rate of interest which may be changed, taken or received shall apply to any loan or forbearance insured by the federal housing commissioner or for which a commitment to insure has been made by the federal housing commissioner \* \* \*"

The above sub-section was in full force and effect at all times herein pertinent. Usury does not exist in the frame-work of the facts in this case.

In view of the above, this court reaches the conclusion that the usury statutes of the State of New Jersey, *N. J. S. A.* 31:1–1 expressly, do not apply to F.H.A. mortgages and realty transactions by virtue of *N. J. S. A.* 17:2–7, and recovery of the amount claimed, be it usurious or not, cannot be had by plaintiff.

Accordingly, judgment will be entered in favor of defendant and against plaintiff, dismissing the complaint.